**Bernardo Morales GUADARRAMA; Yolanda Morales, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–75115.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.*

Filed Jan. 25, 2011.

Bernardo Morales Guadarrama, Long Beach, CA, pro se.

Yolanda Morales, Long Beach, CA, pro se.

Surell Brady, Esquire, Terri Jane Scadron, Assistant Director, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Bernardo Morales Guadarrama and Yolanda Morales, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo due process claims. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen where petitioners failed to demonstrate that evidence of Morales Guadarrama's medical conditions was previously unavailable. *See* 8 C.F.R. § 1003.2(c); *Romero–Ruiz v. Mukasey,* 538 F.3d 1057, 1063–64 (9th Cir.2008).

The evidence petitioners presented regarding their son's psychological condition with their motion to reopen concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601.

Petitioners' contention that the BIA failed to consider evidence of hardship to their U.S. citizen daughter is not supported by the record.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.